UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| CHERYL GRASSO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:16-cv-00588-FDW |
| | ) |
| WELLS FARGO, N.A., | ) |
| | ) |
| Defendant. | ) |
| | ) |

## AGREED PROTECTIVE ORDER

THIS MATTER is before the Court on the parties' consent Motion for a Protective Order (Doc. No. 13). For the reasons stated therein, the Court GRANTS the motion and orders as follows:

The parties hereto, Plaintiff CHERYL GRASSO and Defendant WELLS FARGO BANK, N.A., having consented through their respective counsel for the entry of this Agreed Protective Order, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, in order to protect the confidentiality of certain information and to facilitate discovery, IT IS HEREBY ORDERED THAT:

1. This Agreed Protective Order shall remain in effect for the duration of this action, unless otherwise ordered by the Court or agreed by the parties.

2. The purpose of this Agreed Protective Order is to protect against the unnecessary disclosure of confidential information. Information and documents protected by this Agreed Protective Order shall include:

   a. All information and documents produced by Defendant in this action that refer to, reflect upon, or relate to any applicant for employment or any current or former employee of Defendant other than Plaintiff, including, but not limited to, documents contained in such employees' personnel and medical files and Defendant's Human Resources Department files;

   b. Defendant's trade secrets or other confidential proprietary technical, business, or financial information that is not generally known to the public;

   c. Plaintiff's medical file and any other medical information pertaining to Plaintiff;

   d. Any other documents or testimony that a party in good faith designates as "confidential."

The information and documents protected by this Agreed Protective Order shall be referred to as "Confidential Materials." The restrictions contained herein regarding disclosure of Confidential Materials also apply with equal force to any

copies, excerpts, analyses, or summaries of such materials or the information contained therein, as well as to any pleadings, memoranda, briefs, exhibits, transcripts, or other documents that may be prepared in connection with this action that contain or refer to the Confidential Materials or information contained therein.

   3. "Disclosure" or "to disclose" shall mean to divulge, reveal, describe, summarize, paraphrase, quote, transmit, or otherwise provide or communicate to any person or entity the Confidential Materials, whether pursuant to request, interrogatory, process, or otherwise, and whether in accordance with the Federal Rules of Civil Procedure or otherwise.

   4. Confidential Materials shall be used solely for the purpose of this action, shall not be used for any other business, competitive or other purpose, and shall not be disclosed to any other person or entity other than:

   a. The parties in this action;

   b. Counsel for the parties in this action, including employees of such counsel to the extent necessary to render professional services in this action;

   c. The Court and persons employed by the Court working on this action;

   d. Court reporters at the proceedings in this action;

e. Experts or consultants retained or consulted by the parties in connection with this action, but only as set out in Paragraph 5 below; and

f. Deponents, trial witnesses, and potential witnesses in connection with this action, but only as set out in Paragraph 5 below.

5. Prior to making the disclosure of any Confidential Materials pursuant to subsections (e) and (f) of Paragraph 4, counsel making such disclosure shall inform any person to whom disclosure is being made that the information or documents to be disclosed, or any portions thereof, may be used only for the purposes set forth in this Agreed Protective Order. In addition, such persons shall state their consent in writing (in the form of an Acknowledgment attached hereto as Exhibit A) to be bound by the terms of this Agreed Protective Order. Upon request by a party's counsel, the other party's counsel will mail a copy of any signed Acknowledgment forms.

6. In the event that any Confidential Materials are referred to or used in the deposition of any person initiated by any party, the parties' counsel shall have the option, during the deposition or within fourteen (14) days after the deposition, to require the reporter to prepare the transcript and exhibits as "Confidential." Such transcripts, exhibits, and the information contained therein shall remain

protected under this Agreed Protective Order regardless of whether the parties' counsel exercises the option provided by this paragraph. Moreover, the parties may, at the deposition or within fourteen (14) days after receiving a copy of the deposition transcripts, designate deposition testimony or portions thereof as "Confidential."

7. This Agreed Protective Order does not limit the right of any party to object to the scope of discovery or to any particular discovery request in this action.

8. Upon request by the producing party, within thirty (30) days of the conclusion of this action as to all parties, Confidential Materials produced by the producing party, as well as all copies, excerpts, or summaries thereof, shall be returned to the producing party. In the event counsel possesses attorney work product containing or referring to confidential materials, such attorney work product shall remain subject to the restrictions set forth in Paragraph 4 above or in the alternative may be destroyed.

9. Nothing in this Agreed Protective Order shall prevent a party from any use of its own Confidential Materials. Moreover, nothing in this Agreed Protective Order shall limit the right of the parties to use Confidential Materials for purposes of this action, including in any pleadings, memoranda, briefs, exhibits, or

other documents that may be prepared in connection with this action. In the event Confidential Materials are included in any paper filed with the Court, such paper shall be filed as "Confidential," except as otherwise provided by the Court, or as otherwise agreed to by the parties in writing.

10. The inadvertent or unintentional disclosure of any Confidential Materials shall not be construed to be a waiver, in whole or part, of any party's claim of confidentiality, either as to the specific Confidential Material disclosed or as to other related information.

11. Any party may apply to the Court for relief from this Agreed Protective Order. The party seeking relief from this Agreed Protective Order shall specify which information designated as "Confidential" by the opposing party it wishes to disclose outside the confines of this action and the purpose for which and the manner in which it seeks to disclose the information. No party shall disclose any information designated as "Confidential" by an opposing party without the written consent of the opposing parties or the express permission of the Court.

12. Before seeking relief from the Court due to an alleged violation of this Agreed Protective Order, the party seeking relief will attempt to resolve the matter by agreement with the other party.

13. The terms of this Agreed Protective Order are subject to modification, extension, or limitation as may be hereinafter agreed to by all parties, or by order of the Court.

14. The Court retains the right to allow disclosure of any subject covered by this Agreed Protective Order or to modify this Agreed Protective Order at any time in the interest of justice.

15. Any violation of the terms of this Agreed Protective Order may, in the discretion of the Court, be found to constitute comtempt and may result in sanctions to be fixed by the Court in its discretion.

AGREED AND ACCEPTED:

| CHERYL GRASSO | WELLS FARGO BANK, N.A. |
|---|---|
| By: s/ S. Luke Largess<br>S. Luke Largess<br>NC Bar No. 17486<br>E-mail: llargess@tinfulton.com<br>Cheyenne Chambers<br>NC Bar No. 48699<br>E-mail: cchambers@tinfulton.com<br>Tin, Fulton, Walker & Owen<br>301 East Park Avenue<br>Charlotte, North Carolina  28203<br>Telephone: (704) 338-1220<br>Facsimile:  (704) 338-1312 | By: s/ Frederick T. Smith<br>Frederick T. Smith<br>NC Bar No. 45229<br>E-mail: fsmith@seyfarth.com<br>Margaret M. Manos<br>NC Bar No. 34837<br>E-mail: mmanos@seyfarth.com<br>SEYFARTH SHAW LLP<br>6000 Fairview Road<br>Suite 1200<br>Charlotte, North Carolina 28210<br>Telephone: (678) 686-8519<br>Facsimile:   (404) 724-1538 |

IT IS SO ORDERED.            Signed: March 29, 2017

Frank D. Whitney
Chief United States District Judge

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| CHERYL GRASSO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:16-cv-00588-FDW |
| | ) |
| WELLS FARGO, N.A., | ) |
| | ) |
| Defendant. | ) |
| | ) |

## **ACKNOWLEDGMENT**

I, _____, hereby acknowledge that I have read the Agreed Protective Order entered by the Court on _____, 2017 in connection with the above-captioned action and am familiar with its terms.

The undersigned further acknowledges that he/she fully understands the provisions of the Agreed Protective Order, agrees to be bound by those provisions, and has been apprised of the possible penalties attendant upon a violation of any of those provisions, including but not limited to being held in contempt.

This \_\_\_\_ day of _____, 2017.

_____